Cite as 2022 Ark. App. 339

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-22-74

| | |
|---|---|
| ASHLEE CHRISTENSEN<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES AND MINOR<br>CHILDREN<br><br>APPELLEES | Opinion Delivered September 21, 2022<br><br>APPEAL FROM THE CRAWFORD<br>COUNTY CIRCUIT COURT<br>[NO. 17JV-20-36]<br><br>HONORABLE MICHAEL  MEDLOCK,<br>JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Ashlee Christensen appeals the Crawford County Circuit Court order terminating her parental rights to her children, T.C. (born in February 2008), M.C. (born in July 2015), and J.C. (born in May 2017). On appeal, Christensen challenges only the court's best-interest finding, arguing that the Arkansas Department of Human Services (DHS) failed to introduce sufficient evidence of the children's adoptability. We affirm.

On April 28, 2020, DHS filed a petition for dependency-neglect and emergency ex parte custody concerning T.C., M.C., and J.C. In the affidavit attached to the petition, DHS alleged that it had received a call from a relative expressing concern for the children's safety. The relative reported that Ashlee had jumped from the second floor of a building and that Mason Canady, the children's father, had slit his wrist. DHS further alleged that the family had moved from hotel to hotel and that they did not have sufficient funds to pay for their

current hotel. Interviews with the children revealed that they had not had contact with Christensen in a week and that they had been living with their grandmother, who tested positive for illegal substances. The affidavit further noted that Christensen had a substance-abuse history and had been arrested on March 27, 2020, for failure to appear, possession of controlled substance, theft by receiving, no child-safety restraint, theft of property, first-degree criminal mischief, endangering the welfare of a minor, and possession of drug paraphernalia. On the same day the petition was filed, the circuit court entered an ex parte order for emergency custody.

On April 30, the court found probable cause for the emergency custody. On June 16, the court adjudicated the children dependent-neglected based on the parties' stipulation of Christensen's parental unfitness. The court found that Christensen was not present during removal, she had continuing substance-abuse issues, and she had no residence for the children.

On October 29, the court held a review hearing. The court noted that the children had not been placed together but that DHS had made reasonable efforts to reunite them and allow contact. The court found that Christensen had minimally complied with the case plan. She had completed her drug-and-alcohol assessment, but she had not attended her psychological evaluation despite three referrals. The court further noted that she had not begun any services and had canceled four visits with the children.

On February 4, 2021, the court held a review hearing. The court again noted that the children had not been placed together. As to Christensen, the court noted that she had been

arrested multiple times since the last review hearing. The court further found that she refused drug screenings, had not begun services, and continued to be late or absent for visits with the children. On April 15, the court held a permanency-planning hearing. The court noted that Christensen was incarcerated and that the children were not placed together.

On June 28, DHS petitioned to terminate Christensen's parental rights. DHS alleged three statutory grounds for termination. On August 1, the court held a termination hearing.

At the hearing, Greg Steinsiek testified that he is the DHS family-service worker assigned to the case. He stated that there were no factors, including mental-health or behavioral issues, that prevented the children from being adopted. He stated that a maternal aunt in Colorado is interested in adopting only one of the children. He testified that adoption services "are continuously being worked," but no one has come forward to adopt the children.

Steinsiek explained that T.C. had been in four different foster placements. He stated that she has a wonderful personality, but she exhibits "characteristics of lies and manipulation." He testified that M.C. has behavioral issues and that he is in a therapeutic setting with intensive therapy. As to J.C., Steinsiek stated that she is in a fictive-kin placement and is "doing really well." He noted that she has occupational and speech issues. He testified that the children had formed connections in the foster homes.

Steinsiek further testified that the children had been in DHS custody since April 2020 and that DHS had made multiple attempts for Christensen to cooperate and work with

DHS. However, Christensen had resisted compliance and refused drug screenings. He testified that she had been incarcerated since March 2021.

Christensen testified that the children are not adoptable. She testified that they do not have placements and that she wished they could be placed together.

Following the hearing, on November 21, the court entered an order terminating Christensen's parental rights on multiple grounds. The court further found that it was in the best interest of the children to terminate Christensen's parental rights. In making the best-interest finding, the court concluded that the children are adoptable because they have "no behavioral or health concerns that would be a barrier to adoption." The court relied on Steinsiek's testimony. Christensen appealed the termination order to this court.

We review termination-of-parental-rights cases de novo. *Hall v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 4. An order forever terminating parental rights must be based on a finding by clear and convincing evidence that termination is in the child's best interest. Ark. Code Ann. § 9-27-341(b)(3)(A) (Supp. 2021). The circuit court must consider the likelihood that the child will be adopted if the parent's rights are terminated and the potential harm that could be caused if the child is returned to a parent. *Id.* The circuit court must also find by clear and convincing evidence one or more grounds for termination. *Id.* When the burden of proving a disputed fact is by clear and convincing evidence, the appellate inquiry is whether the circuit court's finding is clearly erroneous. *McGaugh v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 485, 505 S.W.3d 227. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and

4

firm conviction that a mistake has been made. *Id.* In resolving the clearly erroneous question, we defer to the circuit court because of its superior opportunity to observe the parties and judge the credibility of witnesses. *Id.*

On appeal, Christensen does not challenge the circuit court's findings on the statutory grounds for termination. Instead, she challenges the court's best-interest finding, arguing that DHS failed to introduce sufficient evidence of the children's adoptability. She acknowledges that the DHS worker testified that the children are adoptable, but she points out that he also testified that the children had behavioral and developmental issues. She further points out that the children had not been placed together, and she argues that the court did not consider their sibling relationship.

Adoptability is not an essential element of proof in a termination case. *McDaniel v. Ark. Dep't of Hum. Servs.*, 2013 Ark. App. 263. It is but one factor to be considered when making a best-interest determination. *McNeer v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 512, 529 S.W.3d 269. While the likelihood of adoption must be considered by the circuit court, that factor is not required to be established by clear and convincing evidence. *Fisher v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 693, 542 S.W.3d 168. A caseworker's testimony that a child is adoptable is sufficient to support an adoptability finding. *Hamman v. Ark. Dep't of Hum. Servs.*, 2014 Ark. App. 295, 435 S.W.3d 495.

Further, evidence of a precise adoptive placement is not required, and neither is evidence that the children be placed in the same foster home before termination. *Rocha v. Ark. Dep't of Hum. Servs.*, 2021 Ark. App. 454, 637 S.W.3d 299. The case law provides that

while keeping siblings together is a commendable goal and an important consideration, it is but one factor that must be considered when determining the best interest of the child. *Nichols v. Ark. Dep't of Hum. Servs.*, 2021 Ark. App. 420, 636 S.W.3d 114; *Corley v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 397, 556 S.W.3d 538. The law simply requires that the court consider adoptability and that if there is an adoptability finding, there must be evidence to support it. *Connors v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 579, 537 S.W.3d 736 (citing *Haynes v. Ark. Dep't of Hum. Servs.*, 2010 Ark. App. 28 (reversing a best-interest determination because no evidence of adoptability was introduced, and the court failed to consider adoptability)).

We find no error by the circuit court. The DHS worker testified that no factors, including behavioral and mental-health issues, barred the children from being adopted, and he discussed the specific issues concerning each child. In light of his testimony, the court found the children adoptable. The circuit court properly weighed the evidence and concluded that the children would likely be adopted. *Solee v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 640, 535 S.W.3d 687. As to Christensen's argument concerning the court's failure to consider the sibling relationship, the children had been placed in separate homes since the beginning of the case, and that evidence was before the circuit court. Further, the Juvenile Code does not require that siblings be adopted together. *Nichols*, 2021 Ark. App. 420, 636 S.W.3d 114. Given these circumstances, we hold that the circuit court made no error when finding that these children are adoptable. We therefore affirm the termination order.

Affirmed.

HARRISON, C.J., and HIXSON, J., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor children.